# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                        )
  v.                    )      ID No.      2202013369
                        )
AMIR COLDER,            )
                        )
  Defendant.            )

## ORDER

On this 29th day of April, 2024, upon consideration of Defendant Amir Colder's ("Defendant") *pro se* Motion for Postconviction Relief (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, the Court finds that:

1. The procedural history in this case was summarized in the Court's July 2023 Opinion, as follows:

> On April 10, 2023, Defendant pled guilty to Possession of a Controlled Substance and was sentenced to 15 years at Level V, suspended after 18 months, for six months at Level IV Home Confinement, followed by one year at Level III probation. The sentencing order also specifies that Defendant be held at Level V at the termination of the Level V portion of his sentence until space becomes available at Level IV Home Confinement.

> On May 31, 2023, Defendant filed a *pro se* Request for Sentence Modification. On June 12, 2023, with the assistance of counsel, Defendant filed a Motion for Modification/Review of Sentence. In the Motions, Defendant disagrees with the decision of the Department of Corrections ("DOC") to transfer him to Level IV Work Release prior to the termination of his Level V period of incarceration because a work

---

[1] D.I.s 28, 31.

release program was not contemplated by the parties nor included in Defendant's sentencing order. Thus, Defendant argues that the remainder of his Level V sentence should be reduced so that he may immediately begin his period of Level IV Home Confinement to accurately reflect the intent of the parties.[2]

2. On July 12, 2023, the Court summarily dismissed Defendant's motions for sentence modification as moot because the Level V portion of Defendant's sentence had already expired, and the Court deferred to the DOC with regard to his placement for Level IV supervision.[3]

3. On November 3, 2023, Defendant filed the instant Motion, in which he asks this Court to set aside his judgment of conviction based on constitutional objections to officers' search of Defendant's dwelling. Defendant argues that: (1) officers obtained evidence in the case in a manner that violated the Delaware Constitution and the United States Constitution; (2) the search warrant in the case issued without probable cause, so evidence obtained pursuant to that warrant is the fruit of an illegal search; and (3) even if the search warrant had been issued with probable cause, the fruits of the search should have been suppressed because the search occurred at night and officers failed to knock and announce their presence.[4]

---

[2] *State v. Colder*, 2023 WL 4542525, at *1 (Del. Super. July 12, 2023).
[3] *Id.*
[4] D.I. 28.

4. On December 29, 2023, Defendant filed an addendum to the Motion. There, Defendant references case law to support the arguments he makes in the Motion.[5]

5. Rule 61 provides the remedy for "a person in custody under a sentence of this court seeking to set aside the judgment of conviction." When evaluating a postconviction motion made pursuant to the Rule, the Court considers procedural requirements before substantive requirements.[6] The motion must satisfy the procedural requirements of "timeliness, repetitiveness, procedural default, and former adjudication."[7] These procedural requirements are considered on a claim-by-claim basis.[8]

6. First, a postconviction motion generally "may not be filed more than one year after the judgment of conviction is final."[9] Defendant pled guilty and was sentenced for the offense in this case on April 10, 2023. Defendant filed the instant

---

[5] D.I. 31. For instance, Defendant cites to *Mapp v. Ohio*, 367 U.S. 643 (1961), and *Wong Sun v. United States*, 371 U.S. 471 (1963), as he describes the exclusionary rule of evidence. He also points to the Delaware case *State v. Maxwell*, 642 A.2d 926 (Del. 1993) for the proposition that a judgment of conviction should not be based on evidence obtained unconstitutionally. Other case citations in this addendum either misstated the holding of the case or were otherwise unretrievable as cited.

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

[7] *State v. Galindez*, 2022 WL 17076594, at *2 (Del. Super. Nov. 18, 2022); Super. Ct. Crim. R. 61(i)(1)-(4). These procedural bars do not apply to a claim of lack of jurisdiction or which pleads with particularity new evidence of the defendant's actual innocence or an applicable new rule of constitutional law made retroactive on collateral review. Super. Ct. Crim. R. 61(i)(5).

[8] *See Thomas v. State*, 1996 WL 663020 (Del. Super. Sept. 10, 1996) (analyzing the postconviction motion procedural bars separately for each claim).

[9] Super. Ct. Crim. R. 61(i)(1).

Motion less than one year later on November 3, 2023, so the Motion is timely. Second, the Court generally does not consider "second or subsequent" postconviction motions.[10] Defendant's instant Motion is his first postconviction motion in this case, so the Motion is non-repetitive. Third, a "ground for relief that was not asserted in the proceedings leading to the judgment of conviction" is generally barred thereafter.[11] Defendant did not raise the grounds for relief contained in the Motion prior to entering his guilty plea in this case, so the Motion is not barred for procedural default. Fourth, a "ground for relief that was formerly adjudicated" is generally barred thereafter.[12] Defendant's claims in the instant Motion have not already been adjudicated by a court of law, so the Motion is not barred for former adjudication.[13] For the foregoing reasons, Defendant's Motion is not procedurally barred. Hence, the Court will consider the claims raised in the Motion on the merits.

7. In the Motion, Defendant asks the Court to set aside his judgment of conviction, which arose from Defendant's guilty plea in this case. In Delaware, for purposes of a postconviction motion, "a voluntary guilty plea constitutes a waiver of

---

[10] Super. Ct. Crim. R. 61(i)(2).
[11] Super. Ct. Crim. R. 61(i)(3).
[12] Super. Ct. Crim. R. 61(i)(4).
[13] Rule 61(i)(5) provides that these procedural bars do not apply to a "claim that the court lacked jurisdiction." Defendant argues that the constitutional and evidentiary issues he raises in the Motion somehow stripped the Court of jurisdiction to hear his case. D.I.s 28, 31. However, this conclusory statement, bare of factual or legal support, does not trigger Rule 61(i)(5).

4

any alleged errors or defects occurring prior to the entry of the plea."[14]  Thus, the Court will address the threshold question: was Defendant's guilty plea voluntarily entered? The answer is yes.

8.  On the truth-in-sentencing form signed by Defendant as part of his plea, he acknowledged: (1) that he had read and understood the information therein, (2) that by pleading guilty there would be no trial in this case, and (3) that he waived his constitutional right to (i) have a lawyer represent him at a trial, (ii) present evidence in his defense, and (iii) testify on his own behalf.  Notably, Defendant does not challenge the voluntariness of his guilty plea in the Motion.  Thus, after review of the record, the Court finds no basis on which to conclude that Defendant's guilty plea was entered into involuntarily.

9. Next, because Defendant voluntarily plead guilty to the charged crimes, he necessarily waived the evidentiary errors that he alleges occurred prior to the entry of his guilty plea.  This Court has recently reiterated that, "there is no provision in the Delaware rules that allows for the preservation of suppression issues once the defendant tenders a guilty plea."[15]  A defendant waives his right to raise legal errors, that would have been the subject of a suppression hearing, by tendering a guilty

---

[14] *Bentley v. State*, 2011 WL 3793779, at *1 (Del. Aug. 25, 2011).
[15] *State v. Farrare*, 2024 WL 140306, at *2 (Del. Super. Jan. 12, 2024).

plea.[16]    Accordingly, Defendant failed to preserve, and indeed waived, the suppression issues contained in the Motion when he entered his guilty plea.

10.  For the foregoing reasons, Defendant's Motion is  **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[16] *Id.*